[No. 1328.]

HESMEREJILDO MIRELLES AND ANOTHER v. THE STATE.

1. PRACTICE—APPEAL—FINAL JUDGMENT.—Conviction is an indispensable
predicate to a defendant's right of appeal in a criminal cause, and such
conviction is not complete until a final judgment has been entered.
2. SAME.—Article 791 of the Code of Criminal Procedure prescribes the requi-
sites of a final judgment.   Unless the transcript brings up a sufficient final
judgment, this court has no option but to dismiss the appeal.

APPEAL from the District Court of Cameron.   Tried below be-
fore the Hon. J. C. Russell.

The indictment was joint against Mirelles and one Beltram for
the theft, from one Moore, of forty-eight goats of the value of
one dollar and fifty cents each.   The conviction was for the

theft of property of a value less than twenty dollars, and punishment was assessed against each at confinement in the county jail for twelve months.

No brief for the appellant.

*O. S. Eaton,* for the State.

WHITE, P. J.   In *Pennington* v. *The State,* 11 Texas Ct. App., 281, it was held that "though a convicted defendant has a right of appeal in any criminal action, yet he is not convicted until final judgment is rendered against him." If, therefore, the record, on appeal, shows no final judgment in the trial court against the appellant, the appeal will be dismissed by this court.

Article 791, Code of Criminal Procedure, prescribes the requisites of a final judgment in a felony case, and the judgment entry must be in substantial compliance with these requirements. In the case before us, there is no declaration in the judgment that "the defendant is adjudged guilty of the offense as found by the jury."

The motion of the Assistant Attorney General to dismiss this appeal for want of a final judgment is sustained, and the appeal dismissed.

*Appeal dismissed.*

Opinion delivered January 20, 1883.